IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,       )
                                )
      Plaintiff,                )
                                )
vs.                             )       No. 14-20083-SHM-dkv
                                )
JOHNNY EARL GIBSON,             )
                                )
      Defendant.                )

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS

_____

The defendant, Johnny Earl Gibson ("Gibson"), is charged in counts 1 and 3 of an indictment with possession of contraband – methamphetamine (Count 1) and marijuana (Count 3)- on November 15, 2013, while an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), in violation of 18 U.S.C. § 1791. (Indictment, ECF No. 2.) The co-defendant, Quameisha Smith ("Smith"), is charged with providing the contraband to Gibson while visiting Gibson at FCI Memphis. (*Id.*)

Now before the court is Gibson's July 17, 2014 motion to suppress physical evidence seized from Gibson's boot on November 15, 2013 on the grounds that there is a chain of custody issue concerning the amount of contraband recovered from Gibson and the type of contraband. (Def.'s Mot. to Suppress, ECF No. 32.)

The government filed a response in opposition to the motion to suppress on August 1, 2014. (Resp., ECF No. 38.) The motion was referred to the United States Magistrate Judge for a report and recommendation. (ECF No. 33.)

Pursuant to the reference, the court held a status conference on August 12, 2014, with counsel only, to determine if an evidentiary hearing was necessary. After careful consideration of the statements of counsel, the briefs, and the entire record in this case, this court submits the following findings of fact and conclusions of law and recommends that no evidentiary hearing is necessary and that Gibson's motion to suppress be denied as a matter of law.

## I. PROPOSED FINDINGS OF FACT

On November 15, 2013, correctional officers at FCI Memphis allegedly observed Smith pass an object to Gibson, an inmate at FCI Memphis, who put the object in his boot. A correctional officer searched Gibson's boot and allegedly found two substances in Gibson's boot, a green leafy substance and a white powdery substance. The officer used a NIK E Test Kit to field test the green leafy substance, and it was presumptively positive for marijuana. The officer used a NIK G Test Kit to field test the white powdery substance, and it was presumptively positive for cocaine. Another officer weighed the two substances. The green leafy substance weighed 1.9 ounces which

equates to 53.863 grams, and the white powdery substance weighed
.9 ounces which equates to 25.515 grams.

The correctional officers then submitted the two substances
to the Tennessee Bureau of Investigation ("TBI") laboratory for
testing. The TBI analysis confirmed that the green leafy
substance was marijuana but determined that the white powdery
substance was methamphetamine, not cocaine as initially thought.
The TBI report indicated that the marijuana weighed 9.64 grams,
not 53.863 grams, and the methamphetamine weighted 5.43 grams,
not 25.515 grams.

The indictment charges Gibson in Count 1 with possession of
a "prohibited object, that is, a mixture and substance
containing a detectable amount of methamphetamine," and in Count
3 with possession of a "prohibited object, that is, marijuana."
(Indictment, ECF No. 2.) The indictment does not specify the
weight of the methamphetamine and marijuana.

The government argues that the procedures used in testing
by the correctional officers and the TBI lab account for the
differences in the reported weights. According to the
government's brief, the correction officers did not remove the
substances from their packaging and thus weighed the gross
weight of the items. The TBI agent, however, removed the
substances from the packaging and measured the net weight of

each substance, that is, the weight of the drugs without the packaging.

## II.  PROPOSED CONCLUSIONS OF LAW

Gibson argues that the government failed to properly secure and preserve the evidence, and such failure constitutes a violation of Gibson's right to due process under the Fifth Amendment to the United States Constitution.  Gibson insists that an evidentiary hearing is necessary to determine if the government's conduct was so egregious that a due process violation occurred.  Other than the defective-chain-of-custody allegation, Gibson does not allege any conduct on the part of the government that was outrageous or resulted in an illegal seizure of evidence.  Nor does Gibson allege that the government tampered with the evidence.  Indeed, if there were any tampering, it benefited Gibson because the weight of the drugs diminished not increased.

The government insists that no evidentiary hearing is necessary because issues concerning chain of custody are evidentiary issues that go to the weight of the evidence not constitutional issues of due process and are properly addressed at trial.

Gibson could not cite any case in which a chain of custody issue was properly challenged as constitutional due process violation and appropriately addressed in a suppression motion.

Rather, in support of his position that he was denied due process by a defective chain of custody, Gibson relies on *Baker v. Kassulke*, 959 F.2d 233, 1992 WL 64736 (6th Cir. 1992). *Baker*, however, supports the government's position that defects in the chain of custody are not a violation of a constitutional right. In *Baker*, a civil rights case under 42 U.S.C. § 1983, the plaintiff, a Kentucky state prisoner, alleged a violation of her right to due process in a prison disciplinary hearing because of a defective chain of custody in the handling of her urine sample. The Sixth Circuit upheld the dismissal of Baker's § 1983 claim finding that Baker was not denied due process:

> She is not constitutionally entitled to an "air-tight" chain of custody. This court has held that "the Due Process Clause has never been construed to require that the procedures used to guard against an erroneous deprivation of a protectable 'property' or 'liberty' interest be so comprehensive as to preclude any possibility of error." *Higgs v. Bland*, 888 F.2d 443, 449 (6th Cir. 1989)(quoting *Mackey v Montrym*, 443 U.S. 1, 13 (1979)). The requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board.

*Baker*, 1992 WL 64736 at *1.

At trial, the government will be required to establish the authenticity of the drugs in order for the drugs to be admissible into evidence. Physical evidence is admissible when the possibilities of misidentification or alteration are "eliminated, not absolutely, but as a matter of reasonable probability." *United States v. McFadden,* 458 F.2d 440, 441 (6th

Cir. 1972)(quotation omitted). "Chain of custody issues are jury questions and the possibility of a break in the chain of custody of evidence goes to the weight of the evidence, not its admissibility." *United States v. Allen*, 619 F.3d 518, 525 (6th Cir. 2010)(citing *United States v. Drake,* 280 F. App'x 450, 454–55 (6th Cir. 2008) & *United States v. Allen,* 106 F.3d 695, 700 (6th Cir. 1997)); *see also United States v. Levy,* 904 F.2d 1026, 1030 (6th Cir. 1990). In *Allen*, the Sixth Circuit found that the trial court did not abuse its discretion in admitting crack cocaine when the weight of the evidence diminished overtime but there were explanations for the decrease in weight. *Allen*, 619 F.3d at 525. "Merely raising the possibility of tampering is insufficient to render evidence inadmissible." *Id.* (citing *Allen*, 106 F. 3d at 700); *United States v. Combs,* 369 F.3d 925, 938 (6th Cir. 2004). "Where there is no evidence indicating that tampering with the exhibits occurred, courts presume public officers have discharged their duties properly." *Allen*, 619 F.3d at 525 (citing *Allen*, 619 F.3d at 700).

Here, Gibson has not alleged any tampering with the evidence, any foul play, or any outrageous conduct. Instead, Gibson merely argues that because there is a discrepancy in the gross weight of the drugs as opposed to the net weight and a misidentification of one drug, there must have been tampering which is a constitutional violation. The court finds these

allegations insufficient to raise even the possibility of tampering at this stage of the litigation. These matters can be appropriately addressed by a motion in limine at the trial stage.

## III. RECOMMENDATION

For the reasons expressed above, it is recommended that Gibson's motion to suppress be denied.

Respectfully submitted this 29th day of September, 2014.


s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE



NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.