# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Cr. No. 14-20083 |
| JOHNNY EARL GIBSON, ) | |
| Defendant. ) | |

## ORDER

Before the Court are Defendant Johnny Earl Gibson's ("Gibson") July 17, 2014 Motion to Suppress Evidence (the "Motion"), the Magistrate Judge's September 29, 2014 Report and Recommendation (the "Report"), and Gibson's Objection to the Report (the "Objection"). (Motion, ECF No. 32; Report, ECF No. 54; Objection, ECF No. 62.) The United States of America (the "Government") responded to the Objection on October 31, 2014. (Resp., ECF No. 66.) Gibson seeks to suppress physical evidence and, alternatively, requests an evidentiary hearing to determine whether the Government tampered with that evidence or acted outrageously. Gibson objects to the Magistrate Judge's recommendation that the Court deny the Motion. Having reviewed Gibson's objections, the Court OVERRULES them and ADOPTS the Report. The Motion is DENIED.

**I.   Background**

On November 15, 2013, correctional officers at FCI Memphis allegedly observed Quameisha Smith pass an object to Gibson, an inmate at FCI Memphis, who put the object in his boot. (Report at 1-2.)  A correctional officer searched Gibson's boot and allegedly found two substances, a green leafy substance and a white powdery substance.  (Id.)  The officer used an NIK E Test Kit to field test the green leafy substance, and it was presumptively positive for marijuana.  (Id.)  The officer used an NIK G Test Kit to field test the white powdery substance, and it was presumptively positive for cocaine.  (Id.)  Another officer weighed the two substances.  (Id.)  The green leafy substance weighed 1.9 ounces which equates to 53.863 grams, and the white powdery substance weighed .9 ounces which equates to 25.515 grams.  (Id. at 2-3.)

The correctional officers then submitted the two substances to the Tennessee Bureau of Investigation ("TBI") laboratory for testing.  (Id. at 3.)  The TBI analysis confirmed that the green leafy substance was marijuana, but determined that the white powdery substance was methamphetamine, not cocaine as initially thought.  (Id.)  The TBI report indicated that the marijuana weighed 9.64 grams, not 53.863 grams, and the methamphetamine weighted 5.43 grams, not 25.515 grams.  (Id.)

Count 1 of the indictment charges Gibson with possessing a "prohibited object, that is, a mixture and substance containing a detectable amount of methamphetamine." Count 3 charges Gibson with possessing a "prohibited object, that is, marijuana." (Id.) (citing ECF No. 2.) The indictment does not specify the weight of the methamphetamine or the marijuana. (Id.)

The Government argues that the procedures used in testing by the correctional officers and the TBI lab account for the differences in the reported weights. (Id.) According to the Government's brief, the correction officers did not remove the substances from their packaging and thus measured the gross weight of the items. (Id.) The TBI agent, however, removed the substances from the packaging and measured the net weight of each substance, that is, the weight of the drugs without the packaging. (Id. at 3-4.)

## II. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to Magistrate Judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ.

3

P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—"any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985).[1] The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id. at 151.

**III. Analysis**

Gibson seeks to suppress the drugs seized from his boot because the Government violated his right to due process under the Fifth Amendment of the United States Constitution by failing to secure and preserve the drugs properly. (Motion at 1.) The Magistrate Judge recommends that the Court deny the Motion. (Report at 7.)

Gibson makes four objections to the Report. He objects to the Magistrate Judge's: (1) acceptance of the Government's explanation for differences in the drugs' reported weight and type given the Government's failure to provide supporting evidence; (2) reliance on Gibson's lack of evidence of outrageous conduct or evidence tampering while recommending the denial of Gibson's only avenue for discovering that evidence, an

---

[1] The Sixth Circuit has applied Arn to reports and recommendations in criminal cases. U.S. v. Davis, 300 F. App'x 393, 399 (6th Cir. 2008).

4

evidentiary hearing; (3) failure to accept the drugs' weight and type discrepancy as evidence of tampering, foul play, or outrageous conduct; and (4) conclusion that "Gibson could not cite any case in which a chain of custody issue was properly challenged as a constitutional due process violation and appropriately addressed in a suppression motion" because he relies on relevant authority. (Objection at 2-4; Report at 4.)

The four questions raised by the objections reduce to one: whether Gibson's chain of custody argument is properly addressed in a motion to suppress. It is not. Gibson cites no cases holding that chain of custody issues are appropriately addressed in a motion to suppress or properly challenged as a constitutional due process violation. The Magistrate Judge correctly notes that, because the Government must authenticate the drugs to admit them into evidence, the chain of custody argument is appropriately addressed by a motion in limine. (Report at 5-7.) The objections are OVERRULED.

## IV. Conclusion

Chain of custody is not appropriately addressed in a motion to suppress or properly challenged as a constitutional due process violation. If Gibson seeks to challenge the admissibility of the drugs based on chain of custody issues, he may file a motion in limine. An evidentiary hearing would be

5

inappropriate.  The Court OVERRULES the Objection and ADOPTS the Report.  The Motion is DENIED.

So ordered this 20th day of November, 2014.

                                        s/ Samuel H. Mays, Jr._____
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE